**EXHIBIT 1**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE COURT OF GEORGIA

MICHAEL HAGGERTY,

    Plaintiff,

v.

FUTURE MOTION, INC.,

    Defendant.

21A04946

Case No.: _____

---

## COMPLAINT

---

Plaintiff, Michael Haggerty, through his undersigned counsel and pursuant to § 51-1-11 of the Official Code of Georgia, files this action against Defendant, Future Motion, Inc., to recover all damages caused by the causes of action stated herein:

### SUMMARY OF THE ACTION

Plaintiff brings this civil action to recover for the severe and permanent injuries he suffered as a result of dangerously defective "OneWheel" product, a self-balancing electric transporter designed, manufactured, marketed, distributed and sold by Defendant Future Motion, Inc. ("FM"). Plaintiff brings this action for products liability, negligence, and personal injury for his injuries sustained, including but not limited to physical and mental pain, suffering, permanent disfigurement and scarring, and loss of enjoyment of life.

### THE PARTIES, JURISDICTION & VENUE

1.    At all times material hereto, Plaintiff is (and was) a Georgia citizen, resident, and domiciliary who lives in Atlanta, DeKalb County, Georgia.

2.    At all times material hereto, Defendant FM is a corporation organized and existing under the laws of Delaware with its principal place of business in California.

STATE COURT OF
DEKALB COUNTY, GA
11/3/2021 11:01 AM
E-FILED
BY: Siana N Smith

3.     Defendant FM may be served with process by serving its registered agent, A Registered Agent, Inc., 8 The Green, Ste. A, Dover, Delaware 19901.

4.     FM sold and distributed the OneWheel+ XR that forms the basis of this Complaint (the "Subject OneWheel") to Plaintiff in Georgia.

5.     FM is subject to the jurisdiction of this Court pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91 and O.C.G.A. § 14-2-510, because it transacts business within the state of Georgia; caused injury to persons or property within the state of Georgia arising out of an action or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Georgia in the ordinary course of commerce, trade, or use; and engages in substantial and not isolated activity within the state of Georgia.

6.     Venue is proper in this Court, pursuant to O.C.G.A. § 14-2-510 because Plaintiff's causes of action originated in DeKalb County.

7.     FM submitted itself to the jurisdiction of this Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

a.     Committing a tortious act within this state by selling and delivering defective products, including OneWheels, to persons, firms, or corporations in this state. Such products were used by consumers in Georgia in the ordinary course of commerce and trade;

b.     Conducting and engaging in substantial business and other activities in Georgia by selling and distributing products, including the Subject OneWheel, to persons, firms, or corporations in this state. Such products were used by consumers in Georgia in the ordinary course of commerce and trade;

c.     The acts or omissions of FM caused injuries to persons, including Plaintiff, in Georgia. At or about the time of said injuries, FM engaged in solicitation activities in Georgia to purposefully promote the sale, consumption, and use of OneWheel products, including the Subject OneWheel which is the subject of this Complaint;

d.     Selling products, including the Subject OneWheel, with knowledge

or reason to foresee that their OneWheels would be shipped in interstate commerce and would reach the market of Georgia users or consumers;

e.    FM is subject to the Georgia long-arm statute by doing business in Georgia and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Georgia;

f.    The claims against FM are linked, related, and/or arise out of FM's conduct directed toward Georgia;

g.    Elements of the tort occurred in Georgia. Specifically, Plaintiff was using the Subject OneWheel when he was injured in Georgia;

h.    FM has purposefully availed itself of Georgia;

i.    FM's contacts with Georgia principally relate to the sale of OneWheel products and all of the conduct associated with such sales and this civil action is related to and connected with the sale of a OneWheel;

j.    Due process and fair play and substantial justice are honored by this civil action going forward in this Georgia Court;

k.    There is little or no burden on FM litigating this case in this Georgia Court;

l.    It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

m.    Georgia has an interest in overseeing this litigation which involves injuries to a Georgia resident and tortious transactions which occurred in Georgia and defective products sold in Georgia;

n.    Public policy favors resolution of this dispute in this Georgia Court;

o.    FM's conduct and connection with Georgia are such that FM should reasonably anticipate being hauled into court in Georgia.

10.    FM cannot deny personal jurisdiction in this Court for the following:

a.    FM placed the Subject OneWheel into the stream of commerce under circumstances such that FM should reasonably anticipate being haled into court in Georgia;

    b.     FM has a regular plan for the distribution of its products within Georgia with the goal of achieving a commercial benefit from the sale of those products in Georgia;

    c.     FM has contracts with its retail stores and distributors in Georgia where FM contractually promises to come into courts in Georgia to defend claims arising from the failure of FM products that injure Georgia residents, like Plaintiff;

    d.     FM oversees its product warranty process within Georgia;

    e.     FM has been a party in lawsuits cases where it has come into courts in Georgia to answer claims about the failure of FM products in Georgia;

    f.     FM holds patents and trademarks which it demands must be honored in Georgia;

    g.     FM engages in national marketing of its products that pervades into Georgia;

    h.     FM has an active website accessible in Georgia where it engages in the direct sale of FM products;

    i.     FM's active website also has numerous interactive features; and

    j.     Plaintiff's claims are connected with or relate to FM's contacts with Georgia.

11.    Therefore, the Court is authorized to exercise personal jurisdiction over FM.

12.    FM is directly responsible for Plaintiff's injuries and damages caused by the defective Subject OneWheel that unexpectedly nosedived on May 27, 2020, resulting in the injuries and damages sought herein.

## ONEWHEEL BACKGROUND

13.    FM's "OneWheel" product is a self-balancing, battery-powered, one wheeled transportation device that is often described as an electric skateboard. The product was and is designed, developed, manufactured, produced, distributed, marketed, and sold by Defendant FM. Upon information and belief, FM developed and designed the subsystems that power the

OneWheel, including motors, power electronics, battery modules, and smartphone applications ("apps").

14.     Operation of FM's OneWheel is controlled and/or monitored, in part, by an "app" installed on users' smartphones. The OneWheel app allows users to view their total miles, battery life, speed, and other information.

15.     FM promotes itself as being "IN THE BUSINESS OF MAKING THE FUTURE RAD." (https://onewheel.com/pages/about-us). A promotional video on FM's website states that the OneWheel was designed to make riders forget that "there are thousands of calculations happening per second to keep you perfect." The same video depicts the OneWheel device being operated in concrete drainage basins, through standing water, on an open highway (with cars approaching), across dirt paths, on the beach, through wooded areas, across fallen logs, and on and off the sidewalk. OneWheel-sponsored videos show users riding both with and without helmets.

16.     One of OneWheel's key features (and its most dangerous and unpredictable feature) is that it will provide the rider with "pushback" when approaching the device's limits during use. Often, however, instead of or in addition to pushback, which is allegedly designed as a warning to riders to avoid a dangerous situation, the OneWheel will simply shut off and **nosedive**, resulting in the rider being catapulted off the device. The harder the device works to maintain operations, the less the OneWheel is able to assist the rider in balancing.

17.     Once the motor's resources reach a critical point, the motor's normal ability to help the rider balance disappears, and the rider will experience an unexpected nosedive. Often, this will feel to the rider like the motor suddenly cut out or shut down. Different factors impact when and what will cause the OneWheel to shutdown and nosedive, including the rider's weight, tire

pressure, wind direction, battery level, rider stance, and the grade of incline or decline. Thus, predicting exactly when a nosedive will occur or what will cause one is practically impossible.

18.     The primary cause of "pushback" nosediving is velocity. When experiencing velocity pushback, the rider will purportedly feel the nose of the board rise to various degrees when a certain velocity is reached. Often, velocity pushback occurs at a speed lower than that of the maximum due to the above-mentioned factors.

19.     Pushback and nosedives also occur on inclines and declines, purportedly to alert the rider that the motor may be becoming overworked. The problem with this form of pushback, however, is that it is difficult to discern when the rider is feeling pushback, or whether it is the natural resistance caused by the incline/decline. While ascending hills, riders are already pressing against the nose and the grade of the hill to ascend, and therefore may not discern pushback. While descending, a rider may not feel pushback because his/her weight is likely to already be on the tail to control speed. Pushback in such situations will likely result in a sudden nosedive or tailspin, especially if the rider is unaware that the board is giving them pushback. Again, the result will be that the rider feels the board suddenly shut down during operation

20.     Another form of pushback occurs when the OneWheel is nearing battery depletion. This pushback purportedly alerts riders by elevating the nose dramatically. When the OneWheel purportedly senses that the batteries are about to be damaged by over-depletion, the board will shut off entirely, leaving the rider to suddenly and unexpectedly recalibrate his/her balance, often resulting in the rider being thrown from the board.

21.     Yet another form of pushback is referred to as regeneration pushback. One way that the OneWheel recharges its battery is to collect kinetic energy when going down a decline and to reserve such power in the battery. However, this may result in the battery becoming overcharged,

which would damage the battery. FM "addressed" this problem by designing the board to suddenly and unexpectedly shut down to prevent battery damage, at the expense of rider safety. Instead of allowing the battery to overcharge, prior to regeneration-related damage to the battery, the OneWheel will shut down. The same problems in discerning pushback while ascending/descending also occur in this situation.

22.    Another common cause of nosedives is acceleration. If a rider attempts to accelerate quickly, the motor may not support the sudden weight and force on it and the nose will suddenly drop. Yet, FM advertises its OneWheels' ability to accelerate quickly, even from a complete stop. Such acceleration nosedives can happen at any speed, even from a dead stop, and the rider will feel as though the motor has suddenly cut out or shut off. Tail-slides occur when the rider shifts his/her weight onto the back of the board and thereby overwhelms the motor. In that case, the tail of the board will suddenly drop and slide on the ground, causing the rider to become instantly unbalanced.

23.    Not only is it prohibitively difficult to determine when nosedives/tailspins/shut-offs will occur, but the result of such unexpected and undiscernible events almost invariably cause the rider to be ejected or fall from the board, resulting in severe injuries, as occurred in this case. A OneWheel nosedive or shut-off is not a mild event as it might be with any other type of vehicle. The front of the board violently slams into the ground and the rider is thrown forward.

### THE INCIDENT

24.    On or about May 27, 2020, Plaintiff was riding the Subject OneWheel on Clifton Road NE in DeKalb County, Georgia.

25.     Plaintiff was riding the Subject OneWheel on a residential road slightly uphill when, suddenly and without warning, the Subject OneWheel shut off and "nosedived," causing the front of the board to slam into the pavement and throwing Plaintiff from the board.

26.     As a result of being unexpectedly thrown from the Subject OneWheel, Plaintiff suffered severe, permanent injuries, including a fractured tibial plateau with associated soft tissue damage, which required surgical intervention.

27.     The Subject OneWheel is defective in its design, manufacture, and/or warning.

28.     The defective condition of the Subject OneWheel rendered the product unreasonably dangerous for its designed, intended, and foreseeable uses.

29.     The risk of danger associated with designing, manufacturing, distributing, supplying, and selling the Subject OneWheel as it was outweigh any real or perceived benefits. At the time the Subject OneWheel was designed, manufactured, distributed, supplied, and sold, alternative designs, formulations, and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

30.     The Subject OneWheel's defective and unreasonably dangerous condition existed at the time the Subject OneWheel left Defendant's final possession, custody, and control. The Subject OneWheel remained in its defective and unreasonably dangerous condition until and throughout the incident that forms the basis of this lawsuit.

31.     The Subject OneWheel's defective condition actually and proximately caused injury and damage to Plaintiff.

## <u>CONDITIONS PRECEDENT</u>

32.     All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY

33.      Plaintiff re-alleges and incorporates paragraphs 1 through 32 of this Complaint as if fully stated herein.

34.      Defendant FM designed, manufactured, assembled, tested, marketed, promoted, distributed, supplied, and sold the Subject OneWheel to Plaintiff and otherwise placed the Subject OneWheel used by Plaintiff into the stream of commerce.

35.      The Subject OneWheel is defective in its design, manufacture, and/or warning.

36.      FM is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff. Defendant FM was, at all times relevant to this action, the manufacturer of a product that was not merchantable and unreasonably and dangerously defective in its design, manufacture, and as marketed.

37.      FM placed the Subject OneWheel on the market with knowledge that it would be used without inspection for defects and dangers. FM knew, or should have known, that ultimate users and operators would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

38.      FM, having actual knowledge, failed to provide notice of the defective and unreasonably dangerous condition of the Subject OneWheel to Plaintiff. Had Plaintiff been informed at any time prior to using the Subject OneWheel of the OneWheel's defective condition, he would not have used the OneWheel and, accordingly, he would not have been exposed to said defective and unreasonably dangerous condition.

39.      The Subject OneWheel was defective and  unreasonably dangerous to ultimate users, operators, consumers and owners, including Plaintiff, when designed, manufactured,

assembled, distributed and sold by FM. The defects in the Subject OneWheel include, but are not limited to:

   a.  The Subject OneWheel did not perform as safely as an ordinary consumer would expect when used as intended to power consumer electronics, such as a vacuum cleaner;

   b.  The Subject OneWheel had an unreasonably dangerous propensity to nosedive during normal use, catapulting users in a manner that was reasonably likely to result in injury;

   c.  The Subject OneWheel was unreasonably dangerous because of its design in that it failed to perform as safely as an ordinary consumer would expect when it is used in a manner reasonably foreseeable to FM, in that the OneWheel was unreasonably likely to nosedive during normal use, catapulting users in a manner that is reasonably likely to result in injury;

   d.  The Subject OneWheel was unreasonably dangerous because of its design in that the risk of danger in the design outweighed the benefits when used as intended, in that the OneWheel was unreasonably likely to nosedive during normal use, catapulting users in a manner that is reasonably likely to result in injury;

   e.  The Subject OneWheel was unreasonably dangerous and defective because it was not produced in accordance with available alternative designs that were safer, feasible, and technically practicable; it was not state of the art and was not designed and manufactured to the level of technical knowledge that existed when it was made; and, it was made in such a way that it posed a risk of danger to users, like Plaintiff, that outweighed the benefits of the Subject OneWheel as designed and manufactured;

   f.  The Subject OneWheel was unreasonably dangerous as manufactured as it did not conform to its intended design and perform as safely as the intended design would have performed, in that the OneWheel nosedived during normal use, catapulting Plaintiff and causing injury; and

   g.  The Subject OneWheel was unreasonably dangerous and defective due to FM's failure to provide adequate warnings of the risks addressed herein that were known or knowable to FM in light of the generally recognized and prevailing best scientific knowledge available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

   40.   At the time of the Incident, the Subject OneWheel was substantially unchanged from its condition, as set forth above, when sold and distributed by FM.

41.     The defects described above directly and proximately caused the injuries sustained by Plaintiff in this foreseeable incident, in that they directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries.

**WHEREFORE**, Plaintiff, Michael Haggerty, demands judgment against Defendant Future Motion, Inc., for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II – NEGLIGENCE

45.     Plaintiff adopts and re-alleges paragraphs 1 through 32, as if set forth fully herein.

46.     FM designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject OneWheel and its components. FM knew or should have known of the Subject OneWheel's dangerous condition wherein it would suddenly and unexpectedly nosedive during normal use, causing users (like Plaintiff) to be catapulted into the ground.

47.     FM owed Plaintiff a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Subject OneWheel and its components, so that it would operate safely under foreseeable conditions in the environment of its expected use.

48.     At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by FM, the Subject OneWheel is and was defective, unreasonably dangerous, and unsafe for foreseeable users because it was inadequately designed and constructed, and failed to provide the degree of safety a reasonable consumer would expect during foreseeable use.

49.     At all times relevant herein, FM would have had and had no reason to believe that users would realize this potential danger.

50.     At all times relevant herein, FM was willful, wanton, reckless, and careless and breached its duties of care owed to Plaintiff by:

a.      failing to adopt and implement safety hierarchy procedures and policies;

b.      failing to design, test, and assemble the Subject OneWheel so as to prevent dangerous nosedives during normal use;

c.      failing to design, test, and assemble the Subject OneWheel so that it would adequately perform its function while powering consumer electronics;

d.      failing to exercise reasonable care in the designing and inspection of the Subject OneWheel;

e.      failing to adopt and implement adequate warnings;

f.      failing to exercise reasonable care to inform users of the Subject OneWheel's dangerous condition; and

g.      on such other and further particulars as the evidence may show.

51.     As a direct and proximate result of FM's negligence and the breaches identified herein, Plaintiff has suffered serious and permanent injuries including bone fractures, soft tissue injury, excruciating pain and suffering, metal anguish, and emotional distress, from his incident on May 27, 2020.

**WHEREFORE**, Plaintiff, Michael Haggerty, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems

appropriate.

**WHEREFORE**, Plaintiff, Michael Haggerty, demands judgment against Defendant, Future

Motion, Inc., for all injuries and damages he sustained due to the incident giving rise to this action,

whether already incurred or to be incurred in the future, including all actual damages, consequential

damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and

suffering, lost wages, costs, and interest, and for any such further relief as the Court deems

appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, Michael Haggerty, hereby demands a trial by jury on all issues so triable.

Dated: November 3, 2021

*/s/ Joshua R. Jacobson*
**JOSHUA R. JACOBSON, ESQ.**
Georgia Bar No.: 471903
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1500
Orlando, FL 32801
Telephone: (407) 244-3962
Email: jjacobson@forthepeople.com
Secondary Email: kdimeglio@forthepeople.com
*Counsel for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
11/3/2021 11:01 AM
E-FILED
BY: Siana Smith

EXHIBIT 2

No. __21A04946__

**Date Summons Issued and E-Filed**

11/3/2021

_____

Siana Smith
_____
Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

MICHAEL HAGGERTY
_____

_____
Plaintiff's name and address

**VS.**

FUTURE MOTION, INC.
_____

_____
Defendant's name and address

[x] **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

_Joshua R. Jacobson, Esq. - Morgan & Morgan, P.A._____
Name
_20 N. Orange Avenue, Ste. 1600, Orlando, Florida 32801_____
Address
(407) 236-5703                                              471903
Phone Number                              Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                              Third Party Attorney

_____          _____
Address                                              Address

_____          _____
Phone No.                    Georgia Bar No.          Phone No.                    Georgia Bar No.

**TYPE OF SUIT**

☐ Personal Injury ☒ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other
                                                    Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
11/3/2021 11:01 AM
E-FILED
BY: Siana N Smith

**EXHIBIT 3**

IN THE STATE COURT OF DEKALB COUNTY
STATE COURT OF GEORGIA

MICHAEL HAGGERTY,                              )        Case No. 21A04946
                                               )
          Plaintiff,                           )
                                               )
v.                                             )        **DEFENDANT'S ANSWER TO**
                                               )        **PLAINTIFF'S COMPLAINT**
FUTURE MOTION, INC.,                           )
                                               )
          Defendant.                           )

Defendant Future Motion, Inc. ("Defendant"), for its Answer to Plaintiff Michael

Haggerty's Complaint, states and alleges as follows:

**THE PARTIES, JURISDICTION & VENUE**

1.      Upon information and belief, Defendant admits the allegations contained in

Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      (No paragraph 8 in the Complaint)

9.      (No paragraph 9 in the Complaint)

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiff's

Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## ONEWHEEL BACKGROUND

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## THE INCIDENT

24.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## CONDITIONS PRECEDENT

32.      Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT I – STRICT LIABILITY

33.      In response to Paragraph 33, Defendant incorporates its responses to paragraphs 1 through 32.

34.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.      Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.      Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.      Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.      Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.      Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.      Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.      Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.      (No paragraph 42 in the Complaint)

4

43.     (No paragraph 43 in the Complaint)

44.     (No paragraph 44 in the Complaint)

## COUNT II – NEGLIGENCE

45.     In response to Paragraph 45, Defendant incorporates its responses to paragraphs 1 through 32.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

Defendant denies all allegations in the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's alleged injuries and damages, if any, were the result of Plaintiff's own negligence, carelessness, inattention, or otherwise wrongful and unsafe acts, including, but not limited to, his failure to follow the instructions and warnings provided to him by Future Motion in

the on-product labels, the operator's manual, other point of purchase materials, and other materials; therefore, judgment should be entered in favor of Defendant or, in the alternative, Plaintiff's alleged damages should be reduced proportionately in accordance with the principles of comparative negligence and/or comparative fault. By this affirmative defense, Defendant in no way admits to negligence.

3.      Future Motion states that the injuries and damages alleged were the result, in whole or in part, of the actions/fault of third parties, over whom or which this Defendant had no dominion or control, including but not limited to anyone who a) altered or changed the Onewheel that Plaintiff was allegedly operating at the time of his accident after said Onewheel left Future Motion's possession; b) failed to follow warnings and instructions relative to the use of the subject Onewheel; and c) improperly performed any type of maintenance, service and/or repairs on the subject Onewheel; in any manner or to any degree prior to the subject incident, and that such party/parties was/were the legal cause of all or part of the damages suffered by the Plaintiff, and to whom this Defendant demands an apportionment. Defendant may not be subject to any judgment for more than their pro rata share of the overall liability, if any. This Defendant also reserves the right to amend its affirmative defenses to identify additional culpable non-parties to be included on the verdict form.

4.      Plaintiff knowingly and intentionally assumed the risks and hazards of his conduct by engaging in the acts alleged in Plaintiff's Complaint. By voluntarily undertaking to engage in the conduct alleged, Plaintiff elected to accept such possible risks of personal injury in both the primary and secondary sense, thus barring or reducing any recovery herein.

5.      The subject Onewheel identified in Plaintiff's Complaint was being misused at the time of the incident complained of, such that said misuse was the proximate cause of the accident and Plaintiff's alleged damages.

6.      Plaintiff's damages, if any, were the result of an open and obvious risk of which the Plaintiff was or should have been aware and, accordingly Plaintiff's claims are barred.

7.      If Plaintiff suffered damages as a result of the allegations set forth in the Complaint, then the incident, injuries and damages were not sustained by reason of the conduct of the Defendant, but rather were the result of acts or omissions of third parties over which Defendant has no control and/or was the result of intervening and superseding acts or omissions of others, for which Defendant can in no way be held liable.

8.      Plaintiff's claims are barred in whole or in part because none of the alleged acts or omissions of Defendant were the actual or proximate cause of the incident or the alleged injuries and damages sustained by Plaintiff, if any.

9.      Plaintiff's causes of action are barred by the "sophisticated user," "sophisticated intermediary," "knowledgeable user" or "knowledgeable intermediary" doctrine.

10.      Plaintiff failed to follow the warnings and instructions regarding proper operation of the subject Onewheel and, as such, Plaintiff's claims are barred.

11.      Plaintiff's own carelessness and negligence in operation, use and/or maintenance of the subject Onewheel involved in the alleged accident as described in Plaintiff's Complaint, and his failure to exercise reasonable care for his own safety and other, which negligence proximately caused or contributed to the alleged accident, injuries and damages complained of, thus barring or reducing proportionately all claims for damages against the Defendant.

12.    Defendant reserves the right to assert the defense that Plaintiff was under the influence of alcohol or drugs such that his normal facilities were impaired, resulting in him being more than 50 percent at fault for his own injuries.  Accordingly, Plaintiff is barred from any recovery as a matter of law.

13.    Plaintiff's actions constituted comparative negligence of the Plaintiff; which, further, was unreasonable under the circumstances and constituted comparative negligence of the Plaintiff; and, which, contributed to the Plaintiff's injuries. Any damages must be proportionally reduced.

14.    To the extent that Plaintiff has failed to mitigate damages, Plaintiff's claims are barred.

15.    Plaintiff's claims may be barred by the defenses of release, estoppel, laches, and/or waiver.

16.    If Plaintiff or any other party has failed or fails to preserve evidence pertaining to the allegations stated in Plaintiff's Complaint, then Plaintiff and/or the other party may not introduce evidence related to or based upon such lost, destroyed or altered evidence, therefore some or all of the claims asserted by Plaintiff and/or any other party may be barred.

17.    Defendant owed Plaintiff no duty of care and, therefore, Plaintiff's claims are barred.

18.    All products sold by Defendant were not defective or unreasonably dangerous when they left the possession of Defendant.

19.    Plaintiff's claims are barred in that the design of the subject Onewheel in question was consistent with the state of the art at the time the subject Onewheel was manufactured.  In addition, if the subject Onewheel in question was in fact sold or manufactured by Defendant,

Defendant complied with any and all federal or state statutes or administrative regulations in existence at the time of the manufacture of the subject Onewheel and Defendant are thus entitled to a presumption that the subject Onewheel was not in an unreasonably dangerous condition at the time it left the control of Defendant.

20.     Defendant reserves the right to amend this Answer and assert additional defenses and/or supplement, alter or change their Answer and Affirmative Defenses upon the discovery of more definitive facts and upon completion of continuing investigation and discovery into the matters complained of in Plaintiff's Complaint.

WHEREFORE, Defendant specifically controverts Plaintiff's Prayer for Relief and prays that: Plaintiff takes nothing by his Complaint; Plaintiff's Complaint be dismissed with prejudice; Defendant recovers its reasonable costs and disbursements; and for such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

Respectfully submitted this 6th day of December 2021.

HAWKINS PARNELL & YOUNG LLP

*/s/ Matthew F. Barr*

Matthew F. Barr
Georgia Bar No. 039481

*Counsel for Defendant Future Motion, Inc.*

303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30308-3243
T:  (404) 614-7400
F:  (404) 614-7500
Email: mbarr@hpylaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/6/2021 10:33 AM
E-FILED
BY: Patricia Nesbitt

9

**EXHIBIT 4**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE COURT OF GEORGIA

| | | |
|---|---|---|
| MICHAEL HAGGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21A04946 |
| | ) | |
| v. | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| FUTURE MOTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE

This will certify that I have on this day served opposing counsel in the above-referenced

matter with the foregoing:

- **DEFENDANT FUTURE MOTION, INC'S REQUEST FOR ADMISSION TO PLAINTIFF MICHAEL HAGGERTY**

by the Court's electronic filing system which will automatically send an email notification of such

filing to:

Joshua R. Jacobson, Esq.
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1500
Orlando, FL 32801
jjacobson@forthepeople.com
kdimeglio@forthepeople.com

Respectfully submitted this 7<u>th</u> day of December 2021.

HAWKINS PARNELL & YOUNG LLP

*/s/ Matthew F. Barr*

Matthew F. Barr
Georgia Bar No. 039481

*Counsel for Defendant Future Motion, Inc.*

303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30308-3243
T:  (404) 614-7400
F:  (404) 614-7500
Email: mbarr@hpylaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/7/2021 10:57 AM
E-FILED
BY: Phyleta Knighton

2

EXHIBIT 5

# IN THE STATE COURT OF DEKALB COUNTY
## STATE COURT OF GEORGIA

MICHAEL HAGGERTY,

     Plaintiff,

v.

FUTURE MOTION, INC.,

     Defendant.

Case No.: 21A04946

---

## RULE 5.2 CERTIFICATE OF DISCOVERY

---

This is to certify that, on this date, a true and correct copy of the following:

1.     Plaintiff's First Request for Production to Defendant Future Motion, Inc.; and

2.     Plaintiff's First Set of Interrogatories to Defendant Future Motion, Inc.

was served upon all counsel of record by U.S. mail and email to the following counsel of record:

Matthew F. Barr, Esq.
Georgia Bar No. 039481.
Hawkins Parnell & Young LLP
303 Peachtree Street N.E., Suite 4000
Atlanta, GA 30308-3243
mbarr@hpylaw.com
Tele: (404) 614-7400
Fax: (404) 614-7500
*Counsel for Defendant, Future Motion, Inc.*

Dated: December 27, 2021

                        */s/ Joshua R. Jacobson*
                        **Joshua R. Jacobson, Esq.**
                        Georgia Bar No.: 471903
                        jjacobson@forthepeople.com
                        kdimeglio@forthepeople.com
                        *Counsel for Plaintiff*

**Morgan & Morgan, P.A.**
191 Peachtree St., N.E., Ste. 4200
Mailing Address:
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8811

1

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Plaintiff and that, on December 27, 2021, the foregoing document was served on all parties electronically and by U.S. mail to the following counsel of record:

Matthew F. Barr, Esq.
Georgia Bar No. 039481.
Hawkins Parnell & Young LLP
303 Peachtree Street N.E., Suite 4000
Atlanta, GA 30308-3243
mbarr@hpylaw.com
Tele: (404) 614-7400
Fax: (404) 614-7500
*Counsel for Defendant, Future Motion, Inc.*

/s/ *Joshua R. Jacobson*
**Joshua R. Jacobson, Esq.**